**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VICTOR FRANK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-3463** |
| | § | |
| **U.S. BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-RP2[1] ("U.S. Bank" or "Defendant") files this notice of the removal of this action from the 400th Judicial District Court of Fort Bend County, Texas. Defendant respectfully shows as follows:

## INTRODUCTION

1.      On or about September 26, 2022, Plaintiff filed his *Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures* (the "Petition") bearing Cause No. 22-DCV-297469, in 400th Judicial District Court, Fort Bend County, Texas, styled *Victor Frank v. U.S. Bank, N.A.* (the "State Court Action").

2.      The allegations in the Petition relate to foreclosure proceedings on Plaintiff's real property and improvements located at 2103 Claire Court, Sugar Land, Texas 77478 (the "Property").  (*See* Petition at ¶ 6.) In the Petition, Plaintiff alleges that Defendant failed to provide him with proper notices prior to posting the Property for foreclosure sale. (*See id* at ¶ 10.) Plaintiff

---

[1] Plaintiff incorrectly named U.S. Bank, N.A. as defendant in this case.  (*See Pl's Orig. Pet.*)  Defendant U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-RP2 appears herein in its proper name and capacity.

brings claims for common law fraud, breach of contract, promissory estoppel, and breach of the common law tort of unreasonable collection efforts. (*See id*. at ¶¶ 18-32.) Plaintiff also seeks a declaration that the pending foreclosure sale of the Property is wrongful and injunctive relief to prohibit Defendant from foreclosing on the Property. (*See id*. at ¶¶ 13-17, 40-45.) Plaintiff also seeks actual damages, damages for mental anguish, exemplary damages, attorneys' fees, and cost of court. (*See id*. at ¶¶ 33-Prayer.)

3.      On September 26, 2022, the State Court granted Plaintiff's request for a Temporary Restraining Order. (*See* Exhibits B, B-2.)

4.      A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A**. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of **Exhibit B.**

5.      This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

6.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.      There is diversity between the parties.**

7.      There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000 is in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

8.      Plaintiff Victor Frank is an individual and citizen of the state of Texas.   (*See Petition* at ¶ 2.)

9.      U.S. Bank is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank's main office is in Delaware. Therefore, U.S. Bank is a citizen of Delaware for diversity purposes.

10.     Because Plaintiff and Defendant do not share a state citizenship, there is diversity of citizenship.

**B.      The amount in controversy exceeds $75,000.00.**

11.     The amount in controversy exceeds the sum or value of $75,000.00.  Plaintiff seeks injunctive relief to prevent Defendant from foreclosing on the Property. (*See* Petition at ¶¶ 40-45.)

12.     When declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL

4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

13.     "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.'" *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted).

14.     Plaintiff seeks injunctive relief prohibiting Defendant from foreclosing on the Property. (*See* Petition at ¶¶ 40-45.)  Therefore, through the request for injunctive relief, Plaintiff has put an amount in controversy equal to the value of the Property. The Fort Bend Central Appraisal District's most recent valuation of the Property shows a total assessed value of the Property at $397,450.00 (*See* Exhibits C, C-1). For this reason alone, the amount in controversy exceeds $75,000.00.

## VENUE

15.     Venue for removal is proper in this district and division, the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 400th Judicial District Court, Fort Bend, Texas, the forum in which the removed action was pending.

## NOTICE

16.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of the Court for the 400th Judicial District Court, Fort Bend County, Texas.

17.     The contents of **Exhibit B** constitute the entire file of the State Court Action.

## <u>CONCLUSION</u>

For the reasons described above, Defendant respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
S.D. Texas Bar No. 21340
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## List of All Counsel of Record

1.      Victor Frank
        Plaintiff
        c/o Robert C. Vilt
        Texas Bar No. 00788586
        Vilt Law, P.C.
        5177 Richmond Avenue, Suite 1142
        Houston, Texas 77056
        Tel: (713) 840-7570
        Fax: (713) 877-1827
        clay@viltlaw.com


2.      U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed
        Certificates, Series 2006-RP2
        Defendant
        c/o Mark D. Cronenwett
        Texas Bar No. 00787303
        Mackie Wolf Zientz & Mann, P. C.
        14160 North Dallas Parkway, Suite 900
        Dallas, TX 75254
        Tel: (214) 635-2650
        Fax: (214) 635-2686
        mcronenwett@mwzmlaw.com

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A      Copy of the Docket Sheet for Cause No. 22-DCV-297469 in the 400th Judicial District Court, Fort Bend County, Texas;

Exhibit B      Pleadings in Cause No. 22-DCV-297469 in the 400th Judicial District Court, Fort Bend County, Texas;

     B-1      Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures, September 26, 2022;

     B-2      Request for Process, September 26, 2022

     B-3      Ex-Parte Temporary Restraining Order, September 26, 2022;

     B-4      Issuance of Citation to U.S. Bank,  N.A., September 29, 2022;

     B-5      Issuance of TRO/Show Cause Citation to U.S. Bank, N.A., September 29, 2022;

     B-6      Motion to Extend Temporary Restraining Order, October 6, 2022

Exhibit C      Declaration of Mark D. Cronenwett; and

     C-1      Print out from the Fort Bend County, Central Appraisal District web-site, October 5, 2022.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2022, a true and correct copy of the foregoing was served in the manner described below on the following:

***Via Regular United States Mail***
Robert C. Vilt
Vilt Law, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**